BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 1, TOWN OF COEYMANS, Albany County, Respondent, v. TEN EYCK B. POWELL et al., Individually and as Former and Holdover Trustees of Common School District No. 2, Town of Coeymans, Albany County, Appellants.— Appeal from an order of the Supreme Court, Special Term, Albany County, which denied a motion by defendants for an order dismissing the complaint herein under rule 107 of the Rules of Civil Practice on the ground plaintiff has not legal capacity to sue. The complaint alleges a cause of action for money due plaintiff from holdover trustees of the Common School District No. 2, Town of Coeymans, Albany County, New York, annexed to the territory of plaintiff in February,' 1947. After this annexation a central school district was formed embracing the territories of both of the former districts. It is the contention of appellants that plaintiff ceased to exist as a corporate entity with power to sue prior to the commencement of the action herein. In support of their contention appellants cite a part of subdivision 6 of section 1804 of the Education Law which provides: "Any balance of funds remaining in the treasury of the several districts included within the central school district on July first next following the date of the establishment of such central school district, after paying all outstanding obligations then due and payable, shall be turned over to the treasurer of the central school district within thirty days thereafter." Subdivision 5 of the same section, however, provides: "Nothing herein contained shall be construed to deprive any existing school district of the property belonging to such district, or to affect the indebtedness of such district. * * * Each such existing district shall be deemed to continue to exist in law for the purpose of paying all its just debts, including obligations lawfully issued prior to the organization of such central school district, together with all interest thereon as the same shall fall due." It does not appear that there is any balance of funds remaining in the treasury of the plaintiff to turn over to the central school district. It has only a chose in action which is in the nature of a property right not yet reduced to funds. The statute says specifically that an existing district shall not be deprived of its property. This, plus the fact that plaintiff's existence is continued as a matter of law for the purpose of paying its debts, gives to it the power by implication at least to sue for the recovery of money due it. Otherwise a central district, assuming it has the power to sue in behalf of plaintiff, could deprive the latter of a property right by failure to act. Order affirmed, with $10 costs. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.